SANT PALLAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Pallan v. Commissioner
Docket No. 3121-80.
United States Tax Court
T.C. Memo 1986-76; 1986 Tax Ct. Memo LEXIS 530; 51 T.C.M. (CCH) 497; T.C.M. (RIA) 86076; February 24, 1986. *530 In the 1971 taxable year, petitioner deducted a $31,555 ordinary loss with respect to a partnership interest. Petitioner claimed that he was entitled to ordinary loss treatment, based either on the abandonment or forfeiture of a worthless partnership interest, or alternatively, because the partnership consisted solely of "hot assets." Petitioner failed to present any partnership returns, records or other documentation to substantiate the loss. In the 1973 taxable year, petitioner deducted certain business expenses as incurred by his sole proprietorship. Respondent disallowed petitioner's deduction of these expenses based on its determination that the expenses were incurred by a partnership entity, and therefore were not deductible by petitioner. Respondent disallowed these expenses as an increased deficiency, which therefore constituted a new matter. Held, for the 1971 taxable year, petitioner has failed to demonstrate that he is entitled to deduct the ordinary loss claimed with respect to his partnership interest. Held further, for the 1973 taxable year, respondent has sustained its burden of proof that petitioner is not entitled to deduct the claimed business expenses. *531 Barry L. Guterman, for the petitioner. Elaine T. Moriwaki, for *532 the respondent. STERRETT
MEMORANDUM FINDINGS OF FACT AND OPINION STERRETT, Chief Judge: Respondent determined by notice of deficiency dated December 7, 1979 deficiencies in the Federal income taxes of petitioner and additions to tax for the taxable years ended December 31, 1971, December 31, 1973, and December 31, 1974 as follows: Taxable
Additions to Tax
Year
Deficiency
Sec. 6651(a) [1]
Sec. 6653(a)
Sec. 6653(b)
1971
$ 26,656
$13,328
1973
7,588
$ 2,623
$ 525
1974
94,466
23,617
4,723
$128,710
$26,240
$5,248
$13,328
After concessions, [2] the issues for decision are (1) whether petitioner is entitled to deduct an ordinary loss of $31,555 in the 1971 taxable year with respect to a partnership interest, and (2) whether petitioner is entitled to deduct certain business expenses claimed in the 1973 taxable year. *533 FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts, supplemental stipulation of facts, admissions by the parties, and the exhibits attached thereto are incorporated herein by this reference. Petitioner, Sant Pallan, resided at Lompoc, California at the time he filed his amended petition in this case. Petitioner filed Federal income tax returns for the 1971, 1973, and 1974 taxable years with the Internal Revenue Service Center in Fresno, California. Petitioner and Ronald Curran (Curran) executed a partnership agreement dated January 1, 1969, which formed the Land Data Research Company (Land Data). The agreement stated that Land Data was formed as a limited partnership with petitioner as the sole limited partner and Curran as the sole general partner. Petitioner contributed $10,000 to Land Data through a series of seven separate checks issued from January 28, 1969 until April 19, 1969. As of the spring of 1969, petitioner was an employee of Land Data. Pursuant to the partnership agreement, petitioner was entitled to receive a monthly salary of $1,000 plus a 2-percent override commission on all monthly partnership sales. *534 In 1971 petitioner commenced a lawsuit against Land Data and Curran, among other named defendants. Petitioner filed his complaint, dated July 21, 1971, in a California superior court for dissolution of Land Data. Petitioner, as complainant, also sought the appointment of a receiver over the partnership business and a temporary restraining order to enjoin the defendants from disposing of the partnership's assets and property. The state court issued the requested temporary restraining order, although petitioner later discontinued the lawsuit. In 1970 Advanced Industrial Concepts, Ltd. (AIC, Ltd.) a limited partnership, was formed for the purchase and syndication of real estate properties through the sale of limited partnership interests. AIC, Ltd. incurred various expenses during 1973 that petitioner listed on Schedule C, profit (or loss) from a business or profession (sole proprietorship), attached to his 1973 tax return, as incurred by petitioner doing business as Advanced Industrial Concepts. AIC, Ltd. was placed under state receivership in 1973. In the statutory notice of deficiency, respondent determined deficiencies in petitioner's Federal income taxes for the 1971 and *535 1973 taxable years. Respondent disallowed petitioner's claimed loss for 1971 with respect to his partnership interest in Land Data based on petitioner's failure to substantiate the loss and establish his basis in the partnership. Although the notice of deficiency did not specifically disallow their deduction, also at issue are the business expenses claimed by petitioner as incurred by petitioner, doing business as Advanced Industrial Concepts, for the 1973 taxable year. OPINION 1971 Taxable Year
The first issue for decision is whether respondent has properly disallowed the loss claimed by petitioner with respect to his Land Data partnership interest. Petitioner argues that he is entitled to an ordinary loss of $31,555. Respondent concedes that petitioner is entitled to deduct a loss for the 1971 taxable year with respect to his interest in Land Data, but as a long-term capital loss in an amount not greater than $10,000. Petitioner bears the burden of proof with respect to both the character and amount of the claimed loss. Rule 142(a); Welch v. Helvering,290 U.S. 111, 115 (1933); *536 Foster v. Commissioner,756 F.2d 1430, 1439 (9th Cir. 1985). Petitioner must demonstrate that he is entitled to deduct the claimed ordinary loss. Interstate Transit Lines v. Commissioner,319 U.S. 590, 595 (1943); New Colonial Ice Co. v. Helvering,292 U.S. 435, 440 (1934). Petitioner first argues that he is entitled to ordinary loss treatment because he has abandoned or forfeited a worthless partnership interest. He contends that such abandonment or forfeiture does not constitute a sale or exchange of his partnership interest, but rather that the loss is governed by section 165. [3] Alternatively, petitioner argues that, even if there was a sale or exchange of his partnership interest, the partnership assets consisted entirely of "hot assets," specifically, substantially appreciated inventory and unrealized notes receivable, which therefore entitle him to an ordinary loss pursuant to sections 741 and 751. [4]
*537 Petitioner's arguments rely upon unsupported and self-serving statements, and the record is fraught with inconsistencies. For example, as to petitioner's first argument, petitioner has not established the requisite intent to abandon the allegedly worthless partnership interest as evidenced by an act of abandonment. See A.J. Industries, Inc. v. United States,503 F.2d 660, 670-671 (9th Cir. 1974); Middleton v. Commissioner,77 T.C. 310, 322 (1981), affd. per curiam 693 F.2d 124 (11th Cir. 1982); Freeland v. Commissioner,74 T.C. 970, 974 (1980). Petitioner has introduced a complaint that he filed in July 1971 against the partnership, its general partner and other named defendants. The complaint sought the dissolution of the partnership following the satisfaction of partnership debts and distribution of surplus partnership assets. The relief sought indicates that petitioner did anticipate at least some recovery of his investment at that time. Although petitioner later discontinued the lawsuit, the record does not indicate whether this occurred during 1971 or in a later year. In his brief, petitioner states that *538 he discontinued the lawsuit because he believed the partnership and its general partner were insolvent and were about to declare bankruptcy. However, petitioner testified at trial that he believed that a purchase of the partnership business was imminent, which tends to contradict both contentions. Petitioner's assertion that the partnership assets consisted of substantially appreciated inventory having an aggregate fair market value in excess of $2,500,000 further contradicts, absent evidence with respect to liabilities, his argument that the partnership interest was worthless. Petitioner has not presented any partnership returns, balance sheets, or other records or documentation relevant to the Land Data partnership. Petitioner has failed to substantiate the value of any partnership assets, or the amount or nature of any partnership liabilities. Therefore we must also reject petitioner's alternative argument that he should be entitled to ordinary loss treatment based on his contention that the partnership consisted solely of "hot assets" pursuant to sections 741 and 751. We conclude that petitioner has failed to demonstrate that he is entitled to deduct the $31,555 ordinary *539 loss claimed on his 1971 tax return. Therefore, we uphold the deficiency determined in petitioner's tax based upon respondent's concession that petitioner is entitled to deduct a $10,000 long-term capital loss for the 1971 taxable year. 1973 Taxable Year
The second issue for decision is whether respondent has properly disallowed certain business expenses deducted by petitioner in the 1973 taxable year. Respondent argues that these expenses were not incurred by petitioner and therefore are not deductible by him. Alternatively, respondent argues that they represent start-up expenses in petitioner's new trade or business and as such are not deductible in full in 1973. Petitioner argues that the expenses were incurred by him pursuant to a business that he has operated as a sole proprietorship since 1970. As the notice of deficiency did not disallow the deduction of these expenses, this increased deficiency constitutes a new matter upon which respondent bears the burden of proof. Rule 142(a); see Virginia Education Fund v. Commissioner,85 T.C. 743 (1985). It is respondent's position that the expenses at issue were incurred by Advanced Industrial Concepts, *540 Ltd. (AIC, Ltd.), a partnership in which petitioner was a partner, rather than by petitioner directly in his own trade or business. Therefore, respondent argues that petitioner is not entitled to deduct these expenses pursuant to section 162[5] as if petitioner had incurred them in his own business. Cropland Chemical Corp. v. Commissioner,75 T.C. 288, 295 (1980), affd. without opinion 665 F.2d 1050 (7th Cir. 1981); Farnsworth v. Commissioner,29 T.C. 1131, 1138 (1958), affd. 270 F.2d 660 (3d Cir. 1959). The parties have agreed that AIC, Ltd., a limited partnership, was formed in 1970 for the purchase and syndication of real estate properties through the sale of limited partnership interests. The parties also have agreed that during 1973 AIC, Ltd. became bankrupt and was placed under state receivership. It has been stipulated that the expenses listed by petitioner on Schedule C attached to his 1973 tax return were incurred by an entity known as Advanced Industrial Concepts (AIC). We find for respondent that these expenses stipulated as attributable to AIC refer to the AIC partnership and therefore are not deductible *541 by petitioner. Petitioner had claimed the expenses at issue on Schedule C of his 1973 tax return, the form used to report profit or loss from a business or profession, specifically, from a sole proprietorship. Petitioner listed AIC as the business name of his purported sole proprietorship for 1973. Petitioner maintains that he conducted this business of promoter and manager of real estate syndications from 1970 until 1975. We note that there is no mention of AIC as petitioner's sole proprietorship on any other Schedule C returned by petitioner, for example, in the 1971 or 1974 taxable years that also are at issue in this case. At trial, petitioner attempted to explain his use of the name AIC on his 1973 return. He testified that there were two AIC's--the partnership that existed from 1970 until 1973, and petitioner, doing business *542 as AIC, which, in his own words, "came into existence in 1973." At best, this testimony tends to support respondent's alternative argument that petitioner might have been entitled to amortize the expenses as incurred in a new trade or business as of 1973. However, because petitioner maintained that his sole proprietorship was not a new trade or business, he introduced a list of properties that he purports to have managed and promoted from 1970 until 1975.At trial, respondent questioned petitioner with respect to his specific dealings with several of these properties. In each instance petitioner agreed that the properties were purchased by AIC and not by himself; petitioner did not illucidate any activities which were his own to support his deduction of these expenses. We conclude that petitioner unsuccessfully has attempted to assume the use of the name AIC in 1973 in order to deduct the business expenses incurred by the former partnership entity, then in receivership. We are satisfied that respondent has sustained its burden of proof that the business expenses claimed by petitioner were not incurred by petitioner in a sole proprietorship and therefore are not deductible by him. *543 Accordingly we sustain respondent's determination that there is a deficiency in petitioner's tax for the 1973 taxable year attributable to the disallowance of such expenses. Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable years in question, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Among the parties' concessions for the following taxable years are petitioner's concessions that he is liable for additions to tax under section 6653(b) for 1971, section 6651(a) for 1973 and 1974, and section 6653(a) for 1973, and respondent's concessions that petitioner is not liable for the entire deficiency determined for 1974, nor for the addition to tax under section 6653(a) for 1974.↩
3. Section 165 provides, in part, as follows: LOSSES. (a) General Rule.--There shall be allowed as a deduction any loss sustained during the taxable year and not compensated for by insurance or otherwise. ↩
4. Section 741 provides as follows: RECOGNITION AND CHARACTER OF GAIN OR LOSS ON SALE OR EXCHANGE. In the case of a sale or exchange of an interest in a partnership, gain or loss shall be recognized to the transferor partner. Such gain or loss shall be considered as gain or loss from the sale or exchange of a capital asset, except as otherwise provided in section 751 (relating to unrealized receivables and inventory items which have appreciated substantially in value). Section 751 provides, in part, as follows: UNREALIZED RECEIVABLES AND INVENTORY ITEMS. (a) Sale or Exchange of Interest in Partnership.--The amount of any money, or the fair market value of any property, received by a transferor partner in exchange for all or a part of his interest in the partnership attributable to-- (1) unrealized receivables of the partnership, or (2) inventory items of the partnership which have appreciated substantially in value, shall be considered as an amount realized from the sale or exchange of property other than a capital asset.↩
5. Section 162 provides, in part, as follows: TRADE OR BUSINESS EXPENSES. (a) In General.--There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business * * *.↩